UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARTHUR ALSTON,                                    **DECISION AND ORDER**

        Petitioner,                        Case No.: 07-CV-0188(M)

    v.

LAWRENCE F. SEARS, Superintendent,

        Respondent.
_____

        Petitioner Arthur Alston, an inmate acting *pro se*, filed a petition under 28 U.S.C. §2254 for a writ of habeas corpus on March 13, 2007 [1].[1] The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [12]. For the following reasons, I order that the petition be DENIED.


**BACKGROUND**

        Petitioner was charged in an indictment (No. 2002-0617) with criminal possession of a controlled substance in the third degree (N.Y. Penal Law §220.16(1)) and criminally using drug paraphernalia in the second degree (N.Y. Penal Law §220.50). Arraignment, November 13, 2002. The indictment arises from a June 18, 2002 search warrant executed at petitioner's residence at 945 North Plymouth Avenue, Rochester, New York. T, p. 171.[2] Petitioner's fiancé, Doloris Serrant, resided at the residence with their two children. T, pp. 379-381.

---

    [1]      Bracketed references are to CM/ECF docket entries.

    [2]      "T" refers to the trial transcript.

In the attic of the residence, officers recovered, *inter alia*, one hundred dollars, several bags of crack cocaine, unused zip lock baggies of the type commonly used to package cocaine for street sale, and mail addressed to petitioner. T, pp. 178-180.  Following the search, petitioner gave the following sworn statement: "I sell drugs to help provide for my family. I'm the one who sells. My wife is not involved with it. I do it just for my family. I keep the money and the drugs together upstairs". T, p. 307. However, at the trial, petitioner testified that the drugs were not his and that his sworn statement was the product of police coercion. T, pp. 420-424. Ms. Serrant also testified that the drugs belonged to her. T, pp. 383, 386-387.

Prior to trial, the court (Hon. Frank P. Geraci, Jr., Monroe County Court Judge) denied petitioner's motion pursuant to People v. Sandoval, 34 N.Y.2d 371 (1974) which sought to preclude the prosecutor from cross-examining petitioner regarding his prior convictions because the prior convictions bore on petitioner's credibility. April 7, 2003 Proceeding, pp. 3-6. Consequently, at trial, petitioner was cross-examined concerning his prior convictions. T, pp. 434-438.

There were also two previous "controlled buys" at petitioner's residence that were not the subject of the charges in the indictment. On several occasions prior to trial the prosecutor indicated that he would not introduce evidence of the these two sales. January 6, 2003 Proceeding, p. 3; April 7, 2003 Proceeding, p. 7. However, during defense counsel's cross-examination, Officer David Swain was asked "what factors made you decide to charge him with Intent to Sell?". In response, he testified, *inter alia*, "that they were executing a search warrant based upon the fact that drug sales were coming from the apartment". T, p. 349. The court

ordered the response stricken from the record and instructed the jury to disregard it. Id. Petitioner's motion for a mistrial was also denied. T, pp. 351-352.

The jury found petitioner guilty of criminal possession of a controlled substance in the third degree. T, 516. Petitioner was sentenced as a second felony offender to an indeterminate term of imprisonment of six to twelve years. April 29, 2003 Sentencing, pp. 6, 14.

On appeal, petitioner argued that Officer Swain's testimony concerning the prior drug sales at the residence was improper, that the court's Sandoval ruling was erroneous, that statements in the prosecutor's summation deprived him of a fair trial, and that his sentence was harsh and excessive. Appendix B. The Appellate Division, Fourth Department, affirmed petitioner's conviction (People v Alston, 27 AD3d 1141 (4th Dept. 2006)) and leave to appeal to the Court of Appeals was denied. *See* People v. Alston, 6 N.Y.3d 892 (2006).

### The Habeas Corpus Petition

Petitioner seeks a writ of habeas corpus on the grounds (1) that he was entitled to the disclosure of the identity of the informant who provided information supporting the search warrant; (2) that Officer Swain's testimony concerning the prior controlled buys was prejudicial; (3) that the court's Sandoval ruling was improper; and (4) that his sentence is harsh and excessive. Petition [1], pp. 6-7.

**ANALYSIS**

**A.     Exhaustion and Procedural Default**

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack on his conviction before he may seek habeas relief in federal court. 28 U.S.C. §2254(b); Bossett v. Walker, 41 F. 3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995).  To exhaust state remedies, "the petitioner must apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdemez v. Keane, 394 F. 3d 68, 73 (2d Cir. 2005), cert. denied, 544 U.S. 1025 (2005).

"When a claim has never been presented to a state court, a federal court may theoretically find that there is an absence of available State corrective process under §2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state form would be futile." Aparicio v. Artuz, 269 F. 3d 78, 90 (2d Cir. 2001).  "This apparent salve, however, proves to be cold comfort to most petitioners because it has been held that when the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted." Id.

Significantly, the "dismissal of a habeas claim on the ground that it was procedurally defaulted differs crucially from a dismissal for failure to exhaust state remedies. Dismissal for a procedural default is regarded as a disposition of the habeas claim on the merits."

Id. Nevertheless, a claim can avoid procedural default if the petitioner shows "cause for the default and prejudice, or demonstrates that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)". Id.

Furthermore, the Anti-Terrorism and Effective Death Penalty act of 1996 ("AEDPA") "permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted. 28 U.S.C. §2254(b)(2). However, there exists no complementary power to grant a habeas petition on an unexhausted claim". Id. at 91 n. 5.

### B. Standard of Review

A habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

"A determination of a factual issue made by a State court shall be presumed to be correct", unless the petitioner rebuts this presumption by "clear and convincing evidence". 28 U.S.C. §2254(e)(1).

### C. Informant Identity

Petitioner argues that the "[p]rosecutor fail [*sic*] to turn over requested documents pertaining to sales , affidavit for search warrant in the matter of the application of David Swain.

Officer David Swain stated that in his affidavit information stemming from this investigation was . . . developed by a confidential informant, the law states that I was entitled to disclosure of identity of informant". Petition [1], Ground One. Respondent argues that having failed to raise the issue of the disclosure of the informant's identity on direct appeal or collateral review, petitioner's claim is procedurally barred from habeas review. Respondent's Memorandum of Law [11-2], pp. 2-4. I agree with respondent.

"New York law provides for only a single application for direct review. . . . Pursuant to New York Criminal Procedure Law ("CPL") § 440.10(2)(c), a defendant who fails to press an available claim on direct appeal is precluded from raising it on collateral review." Colon v. Connell, 2009 WL 2002036, *6 (S.D.N.Y. 2009). Because the state courts would be barred from now addressing petitioner's claim, it is procedurally barred from habeas review. Having failed to show any cause for his failure to raise this claim on appeal or prejudice from his failure to do so, I order that this claim for habeas relief be denied.

**D.    Improper Testimony by Officer Swain**

Petitioner alleges that "Officer David Swain [*sic*] testimony was used to impeach me and taint the jury in believing I was a drug dealer, which denied me a fair trial, he said in his Affidavit he gave CI $50.00 U.S. Currency but the People never produce any type of evidence of hand to hand sale but yet he made statement of drug sale, under oath, wich [*sic*] was a violation". Petition [1], Ground Two. In response, respondent argues that "[g]iven that there was no bad faith by the prosecutor since it was defense counsel who elicited the evidence complained of and that the court issued a curative instruction immediately following the stricken testimony, it

cannot be said that the failure of the court to grant a mistrial on the basis of the testimony of the officer in response to defense counsel's question was so extremely unfair as to violate fundamental concepts of justice." Respondent's Memorandum of Law [11-2], p. 6. I agree with respondent.

"Under New York law, 'the decision to grant or deny a motion for a mistrial is within the trial court's discretion' and state appellate courts 'will not interfere with this decision unless it amounts to an abuse of discretion.'. . . [The petitioner's] claim is comparable to a claim that an erroneous state evidentiary ruling violated his constitutional rights. Such claims merit habeas relief only 'where [the] petitioner can show that the error deprived [him] of a fundamentally fair trial.'" Wilson v. Senkowski, 2003 WL 21031975, **12-13 (S.D.N.Y. 2003) (quoting Rosario v. Kuhlman, 839 F.2d 918, 925 (2d Cir.1988)).

"In light of the trial court's thorough curative instructions, and the 'crucial assumption underlying [the jury] system . . . that juries will follow the instructions given them by the trial judge,' the decision to deny the motion for mistrial did not deprive petitioner of a fundamentally fair trial." Nowlin v. Greene, 467 F. Supp. 2d 375, 380-381 (S.D.N.Y. 2006) (quoting Parker v. Randolph, 442 U.S. 62, 73 (1979)). Therefore, I order that this claim for habeas relief be denied.

**E.     Sandoval Ruling**

Petitioner argues that "[p]rior charges is not what I am doing 12 years for or my credibility or character, the prosecutor did prove one thing he proved using my prior conviction that there was no evidence of a crime or sale or intent to sale, he used a statement that was not

admissible at trial to convict me of intent to sale". Petition [1], Ground Three. Respondent argues that this claim is procedurally barred and petitioner has failed to establish that any error with the court's Sandoval ruling was of a constitutional magnitude. Respondent's Memorandum of Law [11-2], pp. 4-5.

The Appellate Division found that "defendant failed to object to the court's ultimate Sandoval ruling, and thus failed to preserve his contention for our review . . . In any event, the court's ruling does not constitute an abuse of discretion." People v. Alston, supra, 27 A.D.3d at 1141-1142. "New York's contemporaneous objection rule to preserve appellate review, New York Criminal Procedure Law §470.05(2), is an adequate and independent state procedural rule precluding review." Brown v. Walsh, 2009 WL 3165712, *4 (N.D.N.Y. 2009). "Petitioner may only seek habeas review if he shows 'cause for default and prejudice resulting therefrom.'" Wright v. Conway, 2009 WL 2982978, *8 (N.D.N.Y. 2009) (quoting Levine v. Commissioner of Correctional Services, 44 F. 3d 121, 126 (2d Cir. 1995)).

Even if petitioner's claim was not procedurally defaulted, I find that petitioner has not established that court's Sandoval ruling was of a constitutional magnitude. "'The Sandoval ruling is a matter of state law as to the admissibility of evidence, the purpose of which is to provide the defendant with a prospective ruling on the possible use of defendant's prior bad acts by the prosecution for the purpose of impeachment.' . . . Since the admission of a prior conviction is an evidentiary ruling, it 'is only redressable in a federal habeas corpus proceeding if there is a showing that the particular errors were of constitutional magnitude. . . . Evidentiary errors must be so pervasive as to have denied [petitioner] a fundamentally fair trial.'" Escalona v. Sears, 2008 WL 4534007, *10 (E.D.N.Y. 2008).

Here, not only were drugs and packaging material found in petitioner's residence next to mail addressed to him, but petitioner also signed a sworn statement that he was selling drugs out of his residence. Therefore, I find that the "admission of evidence of those prior convictions was not of such a constitutional magnitude so as to violate petitioner's constitutional right to a fair trial, particularly in light of the overwhelming evidence of petitioner's guilt." Id. Therefore, I order that this claim for habeas relief be denied.

**F.     Harsh and Excessive**

"No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F. 2d 1381, 1383 (2d Cir. 1992). *See* Ruttlen v. Conway, 2007 WL 952049, *11 (W.D.N.Y. 2007) (Skretny, J.). For his conviction of criminal possession of a controlled substance in the third degree, petitioner was sentenced to an indeterminate term of imprisonment of six to twelve years as a second felony offender.

The maximum permissible sentence was an indeterminate term of twelve and one-half to twenty-five years imprisonment and the minimum permissible sentence was an indeterminate term of four and one-half to nine years. *See* Penal Law §§220.16 and 70.06. Because the sentence imposed was within the range prescribed by law, petitioner is not entitled to habeas relief on the ground that his sentence was harsh and excessive.

**G.     Certificate of Appealability**

For a Certificate of Appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make the required

"substantial showing", the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Rhagi v. Artuz</u>, 309 F. 3d 103, 106 (2d Cir. 2002) (per curiam), <u>cert</u>. <u>denied</u>, 538 U.S. 950 (2003). Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## CONCLUSION

For these reasons, it is hereby ORDERED, that the petitioner's motion for a writ of habeas corpus under 28 U.S.C. §2254 is DENIED. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I also order that a Certificate of Appealability not be issued.

**SO ORDERED**.

DATED: October 22, 2009

      /s/ Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge